(109 App. Div. 759)

### HAGADORN v. McNAIR et al.

(Supreme Court, Appellate Division, Fourth Department.     December 6, 1905.)

CONTRACTS—MODIFICATION—PERFORMANCE.

Plaintiff contracted to drill a well for defendants at a certain price per foot, provided that no charge should be made until the well had "been thoroughly tested and found to produce 20 barrels of water in each 24 hours." The contract was subsequently modified, by which defendants agreed to test the well and to accept or reject it within 30 days after completion, and, if not accepted, plaintiff was "to come back and dig deeper." The well at first not having been sufficiently productive, plaintiff drilled the same deeper and tendered the same to defendants for a test, which they failed to make within 30 days. *Held*, that such failure should be regarded as an admission on defendant's part that plaintiff had substantially performed.

Appeal from Livingston County Court.

Action by Charles Hagadorn against Miles B. McNair and another. From an order of the Livingston County Court setting aside a verdict in favor of plaintiff, he appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

C. W. Gamble, for appellant.
J. M. Hastings, for respondents.

SPRING, J.   The parties entered into a written agreement on the 11th day of April, 1903, whereby the plaintiff agreed to drill a well for the defendants on the farm of the defendant McNair. He was to receive $1.25 per foot if cased and $1 where no casing was used. There was, however, to be no charge until the well had "been thoroughly tested and found to produce 20 barrels of water in each 24 hours." The agreement further provided that the defendants were "to furnish a suitable pump for said well, and second party [the plaintiff] agrees to properly place the same in said well in working order." In pursuance of this agreement, the plaintiff drilled the well 52 feet in depth, supposing it would produce the required quantity of water, and moved the tools away about May 1st. On a subsequent test the well failed to produce water sufficient to comply with the agreement.

In October of that year the parties made an oral agreement. They vary somewhat in regard to its terms, but the disagreement is not substantial. Both agree that the defendants were to test the well, and to accept or reject it within 30 days after its completion; and, if not accepted, the plaintiff was "to come back and dig deeper." The price in the old contract continued and was to cover the entire depth drilled. The plaintiff drilled to a depth of 108 feet, made a preliminary, although not certain, test, and believed there was ample water according to the agreement. This was the latter part of October, and he at once notified the defendants and told Mr. McNair to put in his pump and test promptly to prevent the loose rock falling in the hole. The defendant put a pump in place, but made no test at all during the 30 days. The plaintiff called their attention to the fact that the time for making the test would expire in 30 days, but no test, in fact, was made until May or June following. On these facts the jury rendered a verdict for the plaintiff. The trial judge granted a new trial as matter of law, as we gather from his opinion, holding that performance was a condition precedent to the right to recover. The evidence shows that the well did not produce 20 barrels of water, and for that reason the verdict was set aside.

The plaintiff, of course, before he can maintain his action to recover on the contract must establish that he has fulfilled the agreement, unless the defendants, through failure or a breach on their part, have relieved the plaintiff of this burden imposed upon him. The purpose of the agreement was to secure to the defendants a well producing daily 20 barrels. The plaintiff was to receive no compensation unless he met this condition. It was a venture for him, and, in order that in the end he might be compensated for the labor and time expended, certain provisions of the agreement enured to his benefit. The defendants were to accept or reject the well within 30 days after they were notified of its completion. They were not to delay their test indefinitely and thus prevent the plaintiff from knowing whether he had failed or won in his experiment. The vice of the written agreement was that no time for the test was designated, and the plaintiff insisted on fixing the limitation within 30 days, as all parties testified, when the new arrangement was made. Concededly the test was not made within the stipulated period, and, in fact, not until after judgment was recovered by the plaintiff in justice's court in this action. Beyond this, there was another significant variation in the oral agreement. If the defendants did not accept the well, then the plaintiff was to make another experiment and drill deeper. After the second drilling the well produced more water than at the first effort, and a continuation of the drilling might have discovered the required quantity of water. These provisions were valuable to the plaintiff and were saving conditions to enable him to make the fullest endeavor to secure a 20-barrel well in order that he might obtain the money he had earned. The defendants neither accepted nor rejected the well. They made no test. They never gave him the opportunity to drill deeper.

The charge of the court is not contained in the record, and we infer it was satisfactory to the parties. At any rate, we must assume that the jury found with the plaintiff wherever there was dispute in the testimony, and also that the defendants were not excused from making the

tcst and accepting or rejecting the well within the prescribed period, so that the plaintiff might try again in his undertaking. While the gravamen of the agreement was to secure the desired well, yet the strict obligation imposed upon the plaintiff must be construed in the light of the burdens accepted by the defendants. They have slumbered on their rights, and have made what might have proved a fruitless experiment a valuable one to the plaintiff. The order should be reversed.

Order reversed, with costs and disbursements of this appeal, and motion for new trial denied. All concur.